**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

    Rockley Photonics Holdings Limited

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

    Rockley Photonics Limited

3. **Debtor's federal Employer Identification Number** (EIN)

    98 – 1644526

4. **Debtor's address**

    **Principal place of business**

    3rd Floor 1 Ashley Road
    Number    Street

    Altrincham, Cheshire

    United Kingdom WA14 2DT
    City        State    ZIP Code

    _____
    County

    **Mailing address, if different from principal place of business**

    _____
    Number    Street

    _____
    P.O. Box

    _____
    City        State    ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number    Street

    _____
    City        State    ZIP Code

5. **Debtor's website** (URL)    https://rockleyphotonics.com

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor    Rockley Photonics Holdings Limited    Case number (*if known*)_____
       Name

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   5 4 1 7

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☒ Chapter 11. *Check all that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☒ A plan is being filed with this petition.
     - ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Debtor __Rockley Photonics Holdings Limited_____     Case number *(if known)*_____
          Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.   District _____ When _____ Case number _____
                                                   MM / DD / YYYY
              District _____ When _____ Case number _____
                                                   MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☒ No
    ☐ Yes.   Debtor _____ Relationship _____
              District _____ When _____
                                                                       MM / DD / YYYY
              Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other _____

    **Where is the property?**_____
                                    Number       Street
                                    _____
                                    _____   _____  _____
                                    City                                    State   ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name _____
           Phone _____

| **Statistical and administrative information** |

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page **3**

Debtor  Rockley Photonics Holdings Limited          Case number (if known) _____
        Name

### 13. Debtor's estimation of available funds

Check one:
- ☐ Funds will be available for distribution to unsecured creditors.
- ☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors

- ☒ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

### 15. Estimated assets

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☒ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### 16. Estimated liabilities

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/23/2023
            MM / DD / YYYY

X _____[signature]_____          Richard A. Meier
Signature of authorized representative of debtor   Printed name

Title  Chief Executive Officer

Debtor  Rockley Photonics Holdings Limited          Case number (if known) _____
        Name

**18. Signature of attorney**   X ___[signature]___          Date  01/23/2023
                                Signature of attorney for debtor        MM / DD / YYYY

Dania Slim
Printed name

Pillsbury Winthrop Shaw Pittman LLP
Firm name

31 West 52nd Street
Number     Street

New York                                NY          10019-6131
City                                    State       ZIP Code

202-663-9240                            dania.slim@pillsburylaw.com
Contact phone                           Email address

5819651                                 NY
Bar number                              State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __001-40735__.

2. The following financial data is the latest available information and refers to the debtor's condition on __09/30/2022__.

   a. Total assets                                                $ __90,880,000__

   b. Total debts (including debts listed in 2.c., below)         $ __120,733,000__

   c. Debt securities held by more than 500 holders

   |   | Approximate number of holders: |
   |---|---|
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | N/A |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | |
   | secured ☐  unsecured ☐  subordinated ☐  $ _____ | |

   d. Number of shares of preferred stock                         N/A
   e. Number of shares common stock                               132,660,683 shares

   Comments, if any: _____

3. Brief description of debtor's business: __Rockley Photonics is a developer of silicon photonics-based biosensing solutions that target a portfolio of biomarkers to provide insights into personal health and well-being.__

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   1. Andrew Rickman; 2. Highbridge Tactical Credit Master Fund, L.P.; 3. Hengtong Optic- Electric International Co.; 4. ROC SPV XIX LLC; 5. ROC SPV XX LLC; 6. MTVL, LLC; 7. Wazee Street Opportunities Fund V LP; 8. Whitebox Advisors LLC

## CERTIFICATE REGARDING RESOLUTIONS OF THE
## BOARD OF DIRECTORS OF ROCKLEY PHOTONICS HOLDINGS LIMITED

Richard A. Meier., President and Chief Executive Officer of Rockley Photonics Holdings Limited, an exempted company incorporated in the Cayman Islands with limited liability (the "**Debtor**"), certifies that the Board of Directors of the Debtor adopted the unanimous resolutions attached as **Exhibit A** at a duly convened meeting of the Board of Directors.

I declare under penalty of perjury that the foregoing is true and correct.

ROCKLEY PHOTONICS HOLDINGS LIMITED

Dated: January 23, 2023

/s/ Richard A. Meier
Richard A. Meier
President and Chief Executive Officer

4895-2262-8940.v1

**Rockley Photonics Holdings Limited**

(the "**Company**")

*(A Cayman Islands company limited by shares)*

Resolutions of the Board of Directors of the Company dated 19 January 2023

---

**1       CHAPTER 11 FILING AND RATIFICATION OF SOLICITATION OF THE PLAN**

1.1    **WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the market for the Company's assets, credit market conditions and other economic conditions impacting the Company;

1.2    **WHEREAS**, the Board has considered presentations by the Company's management (the "**Management**") and its financial, restructuring, and legal advisors (collectively, the "**Advisors**") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of each of the foregoing on the Company's business and prospects;

1.3    **WHEREAS**, the Company has approximately $119.96 million in aggregate amount of issued and outstanding senior secured debt, consisting of (a) $29.31 million of convertible senior secured notes issued pursuant to that certain Indenture, dated as of May 27, 2022, as amended and supplemented thereafter (the "**Existing Notes**") and (b) $90.65 million of convertible super senior notes issued pursuant to that certain indenture dated as of October 25, 2022, as amended and supplemented thereafter (the "**Super Senior Notes**," and together with the Existing Notes, the "**Prepetition Notes**");

1.4    **WHEREAS**, the Board has received, reviewed, and considered the recommendations of the Management and the Advisors as to the relative risks, costs, and benefits of pursuing a reorganization pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.D. §§ 101-1532 (the "**Bankruptcy Code**"); and has found that the estimated costs of the reorganization are justifiable in light of the benefits of such reorganization;

1.5    **WHEREAS**, at a meeting of the Board held on January 19, 2023, in view of all of the foregoing and the other factors and considerations discussed by the Board with its Advisors and Management, the Board determined in an exercise of its business judgment that it was in the best interest of the Company to solicit votes on the proposed *Prepackaged Chapter 11 Plan of Reorganization of Rockley Photonics Holdings Limited* pursuant to Chapter 11 of the Bankruptcy Code (the "**Plan**"); and

1.6    **WHEREAS**, in view of all of the foregoing and the other factors and considerations discussed by the Board with its Advisors and Management, the Board has determined in an exercise of its business judgment that it is in the best interest of the Company to undertake the restructuring transactions set forth in the Plan, including the issuance of Reorganized Rockley Equity in exchange for cancellation of the Prepetition Notes; the

execution and delivery of New Governance Documents; the execution and delivery of the Exit Financing Documents for $20 million of Exit Financing; implementation of the Private Placement for the issuance of $20 million of Reorganized Rockley Equity and implementation of the Management Incentive Plan (each as defined in the Plan, and collectively, the "**Restructuring Transactions**"), and to take such other actions with respect thereto as shall be authorized in the following resolutions;

1.7   **NOW, THEREFORE, BE IT RESOLVED**, that, in the business judgment of the Board, and based on the recommendation from the Company's Management and Advisors, it is desirable and in the best interests of the Company, its stakeholders, its affiliates and other parties in interest that the Company (i) file or cause to be filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code, (ii) file or cause to be filed a petition to appoint Christopher Barnet Kennedy and Alexander Lawson as joint restructuring officers (the "**JROs**") under the laws of the Cayman Islands, and (iii) commence solicitation of the Plan pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and Rule 3018(b) of the Federal Rules of Bankruptcy Procedure by sending all holders of claims entitled to vote on the Plan the *Disclosure Statement for the Prepackaged Chapter 11 Plan of Reorganization of Rockley Photonics Holdings Limited Pursuant to Chapter 11 of the Bankruptcy Code* in the form presented to the Board (the "**Disclosure Statement**") and that any further negotiation and documentation of the Plan and Disclosure Statement be and hereby is, in all respects, authorized, approved, and ratified; and be it further

1.8   **RESOLVED**, that Richard A. (Randy) Meier, or any of the officers and directors of the Company as may be delegated with such task, be, and they hereby are, authorized and directed (i) to commence proceedings under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**U.S. Proceeding**"), (ii) to commence the proceedings for the appointment of the JROs before the Grand Court of the Cayman Islands (the "**Cayman Proceeding**," and together with the U.S. Proceeding, the "**Proceedings**"); and (iii) swear evidence and file affidavits on behalf of the Company in support of the Proceedings; and be it further

1.9   **RESOLVED**, that each of the officers and directors of the Company (including the JROs in connection with the Cayman Proceeding) (collectively, the "**Authorized Officers**") be, and hereby is, authorized and directed to (i) to execute and file on behalf of the Company all petitions, schedules, motions, applications, pleadings, lists, and other papers or documents in connection with the Proceedings, and (ii) to take any and all action that they deem necessary, proper, or desirable to obtain such relief in the Proceedings; and be it further

1.10  **RESOLVED**, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such directors and officers, be, and hereby are, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such persons shall be or become necessary, proper and desirable to effectuate a successful reorganization of the business of the Company,

2

including, without limitation, seeking authority to guarantee or borrow, and borrowing, amounts under any post-petition financing facility for itself or its affiliates, and granting liens, guarantees, pledges, mortgages, and/or other security therefore and filing financing statements, mortgages, intellectual property security agreements and other documents related thereto;

1.11    **RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

## 2    CASH COLLATERAL

2.1    **WHEREAS**, the Company will obtain benefits from the Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (collectively, the "**Cash Collateral**"), which is security for the Prepetition Notes; and

2.2    **WHEREAS**, the Company's use of Cash Collateral shall be subject to terms are as described to the Board and as set forth in the materials provided to the Board, including the granting of adequate protection (and certain carve-outs thereto), the case milestones, the budget and the termination date for the Company's ability to use Cash Collateral;

2.3    **NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officer, be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company to seek approval of the use of Cash Collateral pursuant to an order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to for the use of Cash Collateral in connection with the U.S. Proceeding, which order may require the Company to grant adequate protection, liens and superpriority claims to the Prepetition Noteholders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## 3    RETENTION OF PROFESSIONALS

3.1    **WHEREAS,** the Board has determined that it is advisable and in the best interest of the Company to retain certain professionals in connection with the foregoing;

3.2    **NOW, THEREFORE BE IT RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Pillsbury Winthrop Shaw Pittman LLP as the Company's counsel and the Walkers law firm, as the

3

Company's Cayman Islands counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and the Cayman Islands Companies Act and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential restructuring transactions, including those contemplated by the Plan, on behalf of the Company; and, in connection therewith, the Authorized Officers with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application or motion for authority to retain such counsel in accordance with applicable law; and be it further

3.3 **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Jefferies LLC as the Company's investment banker; and, in connection therewith, the officers or directors of the Company, with power of delegation, are hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jefferies LLC in accordance with applicable law; and be it further

3.4 **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal, LLC as the Company's financial advisor and, in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez & Marsal, LLC in accordance with applicable law; and be it further

3.5 **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Kroll, LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kroll, LLC in accordance with applicable law; and be it further

3.6 **RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it further

3.7 **RESOLVED,** that each of the Authorized Officers or directors of the Company be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and

4

all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Proceedings, with a view to the successful prosecution thereof.

**4  GENERAL**

4.1  **RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

4.2  **RESOLVED**, that the Company and the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and be it further

4.3  **RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, adopted and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and be it further

4.4  **RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such officer's or director's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

Fill in this information to identify the case:

Debtor name: Rockley Photonics Holdings Limited
United States Bankruptcy Court for the: Southern District of New York (State)
Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders** [1]

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>WSFS BANK CENTER<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801<br>UNITED STATES | Attn: RODGER LEVENSON<br>Title: CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>Phone: 302-996-0776<br>Email: RODGER.LEVENSON@WSFSBANK.COM | Super Senior Notes | | $ 90,649,308 | | Unknown |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>WSFS BANK CENTER<br>500 DELAWARE AVENUE<br>WILMINGTON, DE 19801<br>UNITED STATES | Attn: RODGER LEVENSON<br>Title: CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>Phone: 302-996-0776<br>Email: RODGER.LEVENSON@WSFSBANK.COM | Existing Notes | | $ 29,309,680 | | Unknown |
| 3 | SSI (U.S.) INC. DBA SPENCER STUART<br>353 N CLARK SUITE 2400<br>CHICAGO, IL 60693<br>UNITED STATES | Attn: BEN WILLIAMS<br>Title: CHIEF EXECUTIVE OFFICER<br>Phone: 212-336-0200<br>Email: BWILLIAMS@SPENCERSTUART.COM | Trade Payables | | | | $222,417 |
| 4 | CRAIG HALLUM CAPITAL GROUP LLC<br>222 SOUTH 9TH STREET<br>SUITE 350<br>MINNEAPOLIS, MN 55402<br>UNITED STATES | Attn: STEVE DYER<br>Title: CHIEF EXECUTIVE OFFICER<br>Phone: 651-592-9392<br>Email: SDYER@CRAIG-HALLUM.COM | Trade Payables | | | | $100,000 |
| 5 | GOODWIN PROCTER LLP<br>COUNSELORS AT LAW<br>THE NEW YORK TIMES BUILDING<br>620 EIGHTH AVENUE<br>NEW YORK, NY 10018<br>UNITED STATES | Attn: MIKE CAPLAN<br>Title: CHIEF OPERATING OFFICER<br>Phone: 212-813-8856<br>Email: MCAPLAN@GOODWINLAW.COM | Trade Payables | | | | $60,000 |
| 6 | E*TRADE FINANCIAL CORPORATE SERVICES, INC.<br>3 EDISON DRIVE<br>ALPHARETTA, GA 30097<br>UNITED STATES | Attn: MICHAEL A. PIZZI<br>Title: CHIEF EXECUTIVE OFFICER<br>Phone:<br>Email: MICHAEL.PIZZI@ETRADE.COM | Trade Payables | | | | $18,500 |
| 7 | COMPUTERSHARE INC.<br>DEPT CH 19228<br>60055-9228<br>PALATINE, IL 60055<br>UNITED STATES | Attn: STUART IRVING<br>Title: CHIEF EXECUTIVE OFFICER AND PRESIDENT<br>Phone: 781-575-2000<br>Email: STUART.IRVING@COMPUTERSHARE.COM | Trade Payables | | | | $9,948 |
| 8 | WIST ATTORNEYS – ASIANAJOTOIMISTO OY<br>HOPEATIE 21<br>ESPOO, 02750<br>FINLAND | Attn: TARJA WIST<br>Title: PARTNER<br>Phone:<br>Email: TARJA.WIST@WISTATTORNEYS.FI | Trade Payables | | | | $4,369 |
| 9 | THE INTERNATIONAL STOCK EXCHANGE AUTHORITY LTD<br>PO BOX 623<br>HELVETIA COURT<br>BLOCK B THIRD FLOOR<br>LES ECHELONS, ST PETER PORT<br>GUERNSEY | Attn: CEES VERMAAS<br>Title: CHIEF EXECUTIVE OFFICER<br>Phone:<br>Email: CEES.VERMAAS@TISEGROUP.COM | Trade Payables | | | | $2,418 |
| 10 | ROBINHOOD MARKETS INC. (DBA SAY TECHNOLOGIES LLC)<br>85 WILLOW ROAD<br>MENLO PARK, CA 94025<br>UNITED STATES | Attn: VLAD TENEV<br>Title: CHIEF EXECUTIVE OFFICER AND CO-FOUNDER<br>Phone: 571-224-8804<br>Email: VLAD@ROBINHOOD.COM | Trade Payables | | | | $1,987 |
| 11 | MEDIANT COMMUNICATIONS, INC.<br>400 REGENCY FOREST DRIVE<br>SUITE 200<br>CARY, NC 27518<br>UNITED STATES | Attn: ARTHUR ROSENZWEIG<br>Title: CHIEF EXECUTIVE OFFICER<br>Phone:<br>Email: AROSENZWEIG@MEDIANTONLINE.COM | Trade Payables | | | | $677 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced; Restructuring professionals with open payables have been excluded.

---

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor with respect to all or any portion of the claims listed above. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCKLEY PHOTONICS HOLDINGS LIMITED,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations that directly or indirectly own 10% or more of any class of the debtor's equity interest.

---

[1] The last four digits of the Debtor's federal identification number are 4526. The Debtor's mailing address is 3rd Floor, 1 Ashley Road, Altrincham, Cheshire, United Kingdom WA14 2DT.

**Fill in this information to identify the case and this filing:**

Debtor Name: Rockley Photonics Holdings Limited

United States Bankruptcy Court for the: Southern District of New York

Case number (*If known*): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 01/23/2023
MM / DD / YYYY

X _/s/ Richard A. Meier_____
Signature of individual signing on behalf of debtor

Richard A. Meier
Printed name

Chief Executive Officer
Position or relationship to debtor